# United States Court of Appeals for the Fifth Circuit

No. 22-50937
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Fernando Hernandez-Cordova,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-114-1

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Fernando Hernandez-Cordova appeals the sentence imposed after his guilty plea conviction for illegal reentry subsequent to removal, pursuant to 8 U.S.C. § 1326(a) and (b)(1). Hernandez-Cordova contends, for the first time on appeal, that it violates the Constitution to treat a prior conviction that increases the statutory maximum under § 1326(b) as a sentencing factor,

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50937

rather than as an element of the offense.  Hernandez-Cordova concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for future review.  In addition, he has filed an unopposed motion for summary disposition.

As Hernandez-Cordova concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*.  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014).  Because his position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary disposition is proper.  Accordingly, Hernandez-Cordova's motion is GRANTED, and the judgment of the district court is AFFIRMED.